**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Armando BARONA–ROJAS,
Defendant—Appellant.**

No. 02–50315.
D.C. No. CR–01–1265–ABC.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 20, 2003.

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Armando Barona–Rojas appeals his 30–month sentence following his guilty plea conviction for conspiracy to harbor and transport illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v). We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the sentence and remand.

We review de novo the district court's interpretation of the Sentencing Guidelines, review for an abuse of discretion its application of the Guidelines to the facts of a particular case, and review for clear error the court's factual findings in the sentencing phase. *United States v. Rodriguez–Cruz*, 255 F.3d 1054, 1058 (9th Cir. 2001).

Barona–Rojas contends the district court's factual findings were insufficient to conclude that he could have reasonably foreseen that his co-conspirators would place a teenage girl in the trunk of a car to smuggle her past the border checkpoint, justifying an enhancement under U.S.S.G. § 2L1.1(b)(5). We agree.

The district court's foreseeability finding was based solely on the court's general observation that anyone who lives in Southern California or who has traveled from Los Angeles to the Mexican border knows that "other steps have to be taken" to smuggle aliens across the checkpoints. Barona–Rojas testified that he hired smugglers to take two teenagers across the border, and he was told only that the teenagers would walk across the border. There is no evidence that Barona–Rojas discussed the details of the smuggling plans. Moreover, the district court made no finding as to whether Barona–Rojas had previously engaged in smuggling.

Because the district court pointed to no facts particular to the conspiracy to support the finding of foreseeability, we vacate and remand for resentencing. *See* U.S.S.G. § 1B1.3; *United States v. Zelaya*, 114 F.3d 869, 872 (9th Cir.1997) (vacating sentence of getaway driver where district court relied on general observations about robberies to find it foreseeable that co-conspirator would make an "express death threat" against bank teller).

VACATED and REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

